CHARLES W. HYATT V. CHARLES S. ANDERSON ET AL.

FILED SEPTEMBER 17, 1903.   No. 12,927.

Guardian's Sale: PUBLIC POLICY. It is not conduct contrary to public policy or fraudulent for a guardian, before applying for a license to sell real estate belonging to his ward, to procure the obligation of an intending purchaser to bid an adequate price at the sale or, after the confirmation, to advance and account for the amount of the bid, at the instance and on behalf of the purchaser.

ERROR to the district court for Holt county: JAMES J. HARRINGTON, DISTRICT JUDGE. *Affirmed.*

*Moses P. Kinkaid*, for plaintiff in error.

· *R. R. Dickson, contra.*

AMES, C.

The facts in this case, so far as they do not appear to us to have been established by indubitable evidence, are undisputed, and, so far as they are pertinent to any substantial controversy in the action, are as follows: Charles S. Anderson was the owner of the undivided five-sevenths of a tract of land in Holt county. Of the remaining two-sevenths, one belonged to Anderson's minor daughter, of whom he was guardian, and the other belonged to one Paul Lamereaux, also a minor, under the guardianship of his brother, George Lamereaux. The latter and Anderson were brothers-in-law. Anderson contracted to sell the entire tract to Hyatt, the plaintiff in error, and to procure conveyances to the latter of the interests of the minors for a gross price of which one-seventh was to be paid on account of the share of each minor. It is not contended that the sum thus stipulated to be paid was inadequate to the value of the land, or that Anderson was to, or did thereafter, receive, or attempt so to do, any benefit or advantage from the transaction, except his aliquot share of the purchase price for his five-sevenths of the tract.

Applications were thereafter duly made by the guardians, respectively, to the district court for licenses to sell the estates of their wards, and, licenses having been granted, public sales were advertised, made, reported to to the court and confirmed in all respects as provided by statute, Hyatt appearing in each instance as a purchaser at the price agreed upon and, after the confirmation, receiving guardians' deeds for the titles of the minors in the tract in question. Of the prices so agreed upon and bid at the sale, Anderson paid one to the guardian of Paul, and made due report of and duly accounted for the other as guardian of his daughter. This suit is in substance, though not in form, an action to recover from Hyatt the

purchase price of these two-sevenths. The plaintiff recovered below, and Hyatt prosecutes error.

The plaintiff in error contends that the transaction was against public policy and void, and that Anderson can not recover anything because of it for his own benefit, or in his own name in his individual capacity. The corollary of this proposition, that the minors upon attaining their majority may successfully maintain an action to recover from Hyatt their interest in the land or the value of it, counsel for the plaintiff in error has not urged, nor do we think he could maintain it if he should do so. Neither could he very well contend that his client is entitled to retain the land without payment therefor to any one. We do not discover anything reprehensible in the transaction. It amounts, as it seems to us, to this: Anderson and George Lamereaux, the guardians, before applying for licenses to sell, procured the obligation of an intending purchaser to bid at the sales sums which were adequate to the value of the titles offered. Nothing was done irregularly or under cover, nor anything to deter others from bidding, had any desired so to do. Hyatt was the highest and best bidder and obtained the property to which he became entitled as such. Anderson after making his report of the sale was estopped to deny that he had been paid the purchase price in cash, for the share of his daughter, and pursuant to his previous arrangement with Hyatt, he did pay the price of the share of Paul to the guardian of the latter, who was estopped in like manner. We are at a loss to understand for what reason the sales were open to direct impeachment, but however that may be, they are certainly not open to collateral attack by the purchaser. A very similar case is that of *Stuart v. Allen*, 16 Cal. 473, where the principles involved are more fully discussed and where the same conclusion is reached.

It is recommended that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.